UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERICK ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 524 |
| | ) | |
| vs. | ) | Judge Moran |
| | ) | Magistrate Judge Keys |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| JOSEPH CHAUSSE, Star 10083, and | ) | |
| DAVID HICKEY, Star 11240, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. At approximately 10:30 a.m. on or about January 17, 2007, Plaintiff ERICK ELLISON and his girlfriend Kevina Mitchell were walking to an Auto Zone store located at 3939 West Ogden Avenue in Chicago.

9. Plaintiff and Kevina were arguing while walking to the store.

10. An unmarked Chicago police car arrived on the scene.

11. Defendants CHAUSSE and HICKEY exited the car and approached Plaintiff

12. The passenger of the unmarked car grabbed Plaintiff, punched him in the face, and threw him to the ground.

13. The driver of the unmarked car violently picked Plaintiff up from the ground and put him in the rear of the police car.

14. Plaintiff was seized and not free to leave.

15. While in the car, the driver asked Plaintiff where he could find someone with guns or drugs in the area.

16. Plaintiff explained that he did not know anybody that had guns or drugs.

17. The Defendant-Officer told Plaintiff that he would arrest Plaintiff for battery to Kevina if he did not tell them where they could find guns or drugs.

18. Plaintiff repeatedly explained that he did not know anybody that had guns or drugs, and that he had not battered Kevina.

19. While Plaintiff was in the unmarked car, the passenger Defendant was confronted by a person who had witnessed the Defendant-Officers physically abuse Plaintiff.

20. After speaking with the witness, the passenger Defendant opened the back door and told Plaintiff he was free to leave.

21. After Plaintiff was released, he went to Loretto Hospital for medical attention for injuries which resulted from the above-described abuse.

22. Plaintiff also made an Office of Professional Standards complaint, CR1002805.

23. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

24. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and pecuniary damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

25. Plaintiff realleges paragraphs 1 through 24 as if fully set forth herein.

26. The actions of Defendant-Officers in seizing Plaintiff without any legal

justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award compensatory and punitive damages, as determined at trial,

c) Award attorneys' fees and costs,

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

27. Plaintiff realleges paragraphs 1 through 24 as if fully set forth herein.

28. The Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award compensatory and punitive damages, as determined at trial,

c) Award attorneys' fees and costs,

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

29. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

30. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising

3

from their actions.

**Plaintiff demands trial by jury**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595

4